IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GENE THOMAS BRUMMETT, | Case No. 3:11-cv-3045-MA |
| Petitioner, | OPINION AND ORDER |
| v. | |
| RICK ANGELOZZI, | |
| Respondent. | |

ANTHONY D. BORNSTEIN
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

　　Attorney for Petitioner

JOHN R. KROGER
Attorney General
ANDREW HALLMAN
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

　　Attorneys for Respondent

MARSH, Judge

　　Petitioner Gene Thomas Brummett, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus

1 - OPINION AND ORDER

proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied, and this proceeding is dismissed.

## BACKGROUND

Petitioner was the manager of a trailer park in Coos Bay in 2005. On April 26, 2005, petitioner was indicted on charges that he sexually abused "AR," a thirteen year old girl who lived next door to him in the trailer park. The charges stemmed from an incident occurring on January 18, 2005. Petitioner was represented by Carole Hamilton and Stacey Lowe at trial.

AR, who had turned fourteen by the time of trial, testified at length. AR testified that sometime between 9:30 and 10 a.m. on January 18, 2005, petitioner visited her at the trailer where AR lived with her family. AR testified that petitioner gave her cigarettes and sat by her on the couch. AR told petitioner that she just broke up with her boyfriend. AR testified that petitioner said that his ex-girlfriends used to stuff their bras to get noticed. AR stated that petitioner then reached forward and grabbed her breast, and said "that's not stuffed." AR testified that petitioner then lifted her shirt. AR stated that petitioner got up from the couch to put out his cigarette and walked around the trailer. AR stated that petitioner then came up behind her, lifted her shirt, and attempted to take off her bra. AR testified that petitioner asked AR if she would let him suck on her breasts.

AR testified that she said no, asked petitioner to leave, and that petitioner left.

AR testified that petitioner returned approximately 10 minutes later with a marijuana pipe and asked whether she wanted to smoke with him. AR testified that they smoked marijuana together, and that petitioner then asked whether they could go to her bedroom. AR testified that she said no, and again asked petitioner to leave. AR stated that petitioner then gave her $20 and asked her not to tell because he would get in trouble. AR told petitioner that she would not tell.

AR further testified that petitioner called her 10 or 20 minutes later and asked how she would explain the money he gave her. AR stated that she would say she earned it babysitting. AR testified that when her sister and a friend returned home from school, she told them what happened, and then the three of them informed petitioner's wife about the incident. When AR's mother returned home, AR testified that she informed her mother, who in turn told AR's step-father. That evening, AR's family confronted petitioner about the incident, and petitioner denied that the incident occurred. Later that evening, AR's mother called the police.

AR testified that approximately one month later, she was again interviewed by police, and that she assisted the police in making a "pretext call" - a telephone call to petitioner that was

3 - OPINION AND ORDER

recorded. During that pretext call, petitioner stated that he was sorry the whole thing went down, and that he had learned his "lesson real fucking quick." (Resp. Ex. 107.) A recording of the pretext call was played for the jury.

On cross-examination, AR admitted that she babysat petitioner's children several weeks prior to the incident and was paid $20. AR admitted that on the morning of January 18, 2005, she asked petitioner's wife for a cigarette. AR also admitted that during her first interview with the police officer, she did not tell the officer about smoking marijuana because she was afraid.

AR's sister, friend, mother, and step-father all testified, and each relayed the disclosure of the incident by AR to them. Their testimony was consistent with AR's testimony.

Officer Robert Scoville testified as to AR's disclosures to him on January 18, 2005. On cross-examination, Officer Scoville testified that when he met with AR on January 18, AR did not tell him that petitioner gave her cigarettes and marijuana.

Officer Ronald J. Robson testified that he interviewed petitioner on January 18, 2005. Officer Robson testified that petitioner admitted to paying AR $20 for watching his kids for 20 or 30 minutes, but denied touching AR's breasts.

Officer Hugo Hatzel testified that he interviewed AR at school on February 22, 2005. Officer Hatzel testified that he took a statement from AR about what happened on January 18, and he

4 - OPINION AND ORDER

inquired whether AR would be willing to assist with making a pretext call. Officer Hatzel testified that AR informed him about petitioner bringing marijuana to AR's trailer, and that AR and petitioner smoked from a brown pipe. Officer Hatzel stated that AR made the pretext call to petitioner with his help. Officer Hatzel testified that he interviewed petitioner on February 23, and that petitioner denied that he touched AR's breasts, but admitted that he had given AR cigarettes. Officer Hatzel stated that petitioner consented to a search of his home.

On cross examination, Officer Hatzel stated that during a search of petitioner's residence on February 23, he found marijuana seeds, but no marijuana and no pipes fitting the description AR gave.

At trial, petitioner took the stand in his defense. Petitioner denied that he ever touched AR or made any sexual advances towards her. Petitioner denied smoking marijuana with AR. Petitioner testified that on the morning of January 18, he asked AR to watch his front door so that he could respond to overflowing washing machines in the laundry facility at the trailer park. Petitioner stated that he paid AR $20 for watching the front door because his three kids were inside sleeping and watching television. Petitioner testified that the apology he gave during the pretext call was in response to the destruction of their friendship.

5 - OPINION AND ORDER

Petitioner also presented character witnesses who stated that petitioner was an honest and truthful person. Petitioner's wife testified, and said that AR had asked her for a cigarette on the morning of January 18, and that when AR's family disclosed the incident to her, AR had a smirk on her face.

The jury convicted petitioner of one count of Sexual Abuse in the First Degree, and one count of Delivery of a Controlled Substance to a Minor by votes of 11 to 1. The court sentenced petitioner to 75 months on the sex abuse charge, and a concurrent term of two months on the delivery charge.

Petitioner directly appealed his convictions, and the Oregon Court of Appeals dismissed his appeal on petitioner's own motion. Petitioner filed a state post-conviction proceeding, alleging several claims of ineffective assistance of trial counsel. The post-conviction court (PCR court) denied relief, the Oregon Court of Appeals summarily affirmed, and the Oregon Supreme Court denied review. (Resp. Ex. 126, 128-29.)

## DISCUSSION

### I. Unargued Claims.

In his current habeas petition, petitioner alleges four grounds for relief. In Ground One, petitioner asserts four separate claims of ineffective assistance of trial counsel. However, in petitioner's supporting memorandum, he affirmatively

6 - OPINION AND ORDER

limits his case to the issue of trial counsel's handling of Officer Hatzel's testimony in Ground One. (Brief in Support, #19, p. 12.)

For habeas relief under § 2254(d), petitioner has the burden of showing that the state court's adjudication of his claims was contrary to or an unreasonable application of established Supreme Court precedent. See Silva v. Woodford, 279 F.3d 825, 835 (9th Cir.), cert. denied, 537 U.S. 942 (2002)(petitioner bears burden of proving his claims). Petitioner has failed to meet his burden of proof on the claims he does not address in his supporting memorandum. Id.; Renderos v. Ryan, 469 F.3d 788, 800 (9th Cir. 2006), cert. denied, 551 U.S. 1159 (2007)(petitioner waived federal habeas corpus claims where he did not attempt to set forth the legal standards or attempt to meet them). Accordingly, habeas relief is denied on the remaining ineffective assistance of counsel claims in Ground One, as well as Grounds Two, Three, and Four, which are not advanced in petitioner's memorandum.

## II. **Ground One-Officer Hatzel.**

Petitioner contends that trial counsel rendered ineffective assistance by inadvertently eliciting prejudicial testimony from Officer Hatzel. According to petitioner, Officer Hatzel's testimony that he found marijuana seeds in petitioner's home bolstered AR's credibility and undermined his credibility. Petitioner submits that admission of the testimony was so

prejudicial that it undermines confidence in the outcome of the trial.

Respondent argues that the post-conviction court's rejection of petitioner's claim is reasonable and is entitled to deference. I agree.

### A. Standards.

Under 28 U.S.C. § 2254(d), federal habeas corpus relief may not be granted on a claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under Strickland v. Washington, to prevail on a claim of ineffective assistance of counsel, petitioner must show that (1) his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. 466 U.S. 668, 687 (1984); Bell v. Cone, 535 U.S. 685, 698-99 (2002); Williams v. Taylor, 529 U.S. 362, 390 (2000). Failure to make the required showing on either prong defeats the ineffectiveness claim.

To prove deficient performance, petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 688. To establish

prejudice, petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Bell, 535 U.S. at 695; Williams, 529 U.S. at 390-91; Strickland, 466 U.S. at 687, 694. This court reviews the state court's ultimate conclusion to ascertain whether it is contrary to or an unreasonable application of Strickland. 28 U.S.C. § 2254(d)(1); Lambert v. Blodgett, 393 F.3d 943, 978 (9th Cir. 2004), cert. denied, 546 U.S. 963 (2005).

Section 2254(e) provides that a "determination of a factual issue made by a State court shall be presumed to be correct," and this presumption of correctness may be rebutted only by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.  Analysis.**

Petitioner's argument before this court is twofold: (1) the PCR court made an unreasonable determination of the facts in light of the evidence presented at the post-conviction proceeding; and (2) the PCR court unreasonably applied Strickland when it concluded that trial counsel did not provide ineffective assistance. I address each argument separately below.

### 1.  The PCR Court Did Not Make An Unreasonable Determination of the Facts.

In this proceeding, petitioner argues that the PCR court's determination that trial counsel did not elicit testimony from Officer Hatzel that he found marijuana seeds in petitioner's home

9 - OPINION AND ORDER

is at odds with the record. According to petitioner, trial counsel's questioning made it more likely that Officer Hatzel would testify about what he found during the search of petitioner's home.

At trial, the following exchange occurred between trial counsel Stacey Lowe and Officer Hatzel:

> [Trial counsel]: ... And on February 23rd, did you ask [petitioner] to come to the station to be interviewed?
>
> [Officer Hatzel]: Yes.
>
> Q: And he agreed to do so?
>
> A: Yes.
>
> Q: And did he also, at some point, consent to a search of his residence?
>
> A. Yes.
>
> Q. And you didn't find any marijuana. Is that correct?
>
> A. Found some marijuana seeds, but no actual substance.
>
> Q. And did you find the marijuana pipe that fit the description [AR] gave you?
>
> A. No. (Respondent's Ex. 104, Trial Transcript p. 106.)

In his briefing to the PCR court, petitioner argued that trial counsel's questioning was ill-advised and unnecessary. (Resp. Ex. 107, p. 16.) Petitioner argued that by asking Officer Hatzel whether he found marijuana, counsel opened the door for him to testify that he found marijuana seeds. (Id.) According to petitioner's argument, from the presence of the seeds, the jury

10 - OPINION AND ORDER

could conclude that marijuana was present in his home on the day of the incident. (Id.) Petitioner did not present any other evidence to the PCR court on this point.

Petitioner's trial counsel Carole Hamilton, in contrast, attested that she did not have a clear recollection of the exchange between Officer Hatzel and Ms. Lowe. (Resp. Ex. 114, p. 2.) Ms. Hamilton averred that she reviewed an audio recording of the trial. Ms. Hamilton attested that Officer Hatzel volunteered that he found marijuana seeds, and that his testimony was non-responsive to Ms. Lowe's question and potentially, an objection could have been made to Officer Hatzel's answer. (Id. at p.3.) Ms. Hamilton thought an objection was unwise because it would have drawn unneccesary attention to that testimony.

Ms. Hamilton further averred that Officer Hatzel's testimony that he found marijuana seeds on February 23, 2005 did not corroborate AR's testimony that petitioner provided AR with marijuana on January 18, 2005, because seeds are not smokeable. (Id.)

Based on the foregoing, the PCR court made the following relevant findings of fact:

1. The affidavit of Carole Hamilton is worthy of belief.

   . . . .

11 - OPINION AND ORDER

      5.    Trial counsel did not elicit testimony from Officer Hatzel that petitioner had marijuana seeds in his home. (Resp. Ex. 120, p. 3-4.)

Petitioner has not presented any new evidence in this proceeding, thus the evidence is confined to the record presented to the state PCR court. In conducting this type of intrinsic review, a federal court may not second-guess a state court's fact finding, unless it concludes that the state court was not merely wrong, but actually unreasonable. Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir.), cert. denied, 543 U.S. 1038 (2004). It is not enough that I would conclude differently under similar circumstances; I must be convinced that *no court* could reasonably conclude that the findings are supported by the record. Id. at 1000.

Petitioner has failed to meet this burden. Petitioner argues that the PCR court's findings are at odds with the record because it is obvious from the transcript that the questions asked made it more likely that Officer Hatzel would testify as to what he found during his search of petitioner's home. I disagree.

In this case, the PCR court found Ms. Hamilton's affidavit to be credible. Additionally, a review of the trial transcript reveals that Ms. Lowe did not specifically inquire about marijuana seeds, or even generally as to what Officer Hatzel found during the search of petitioner's home. Rather, in response to the question that he did not find marijuana, Officer Hatzel volunteered

12 - OPINION AND ORDER

information about finding marijuana seeds. I cannot conclude that the PCR court's finding that trial counsel did not elicit the testimony is erroneous, much less, an objectively unreasonable determination of the facts in light of the evidence presented under § 2254(d)(2). Even if I were to conclude differently, I am not convinced that *no court* could reasonably conclude that counsel did not elicit the allegedly damaging testimony. Taylor, 366 F.3d at 1000.

Therefore, the PCR court's factual finding that trial counsel did not elicit testimony from Officer Hatzel that marijuana seeds were found in petitioner's home is entitled to deference, and petitioner is not entitled to habeas relief on that basis. Weaver v. Palmateer, 455 F.3d 958, 965 (9th Cir. 2006), cert. denied, 552 U.S. 873 (2007).

   2.   **The PCR Court's did not unreasonably apply Strickland.**

Review of counsel's performance is highly deferential and there is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. Edwards v. Larmarque, 475 F.3d 1121, 1126 (9th Cir.)(*en banc*), cert. denied, 552 U.S. 1009 (2007); Williams v. Woodford, 384 F.3d 567, 610 (9th Cir. 2004), cert. denied, 546 U.S. 934 (2005). "The reasonableness of counsel's performance is evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances" and every effort must be made to eliminate the

13 - OPINION AND ORDER

distorting effects of hindsight. <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 381 (1986); <u>Strickland</u>, 466 U.S. at 689.

Petitioner contends that the PCR court's conclusion that trial counsel did not render ineffective assistance of counsel is an unreasonable application of <u>Strickland</u>. Petitioner argues that competent counsel would not have asked Officer Hatzel whether he found marijuana in petitioner's home because it was obvious that Hatzel would testify about the seeds. I disagree.

First, petitioner has failed to present clear and convincing evidence in this court to overcome the presumption of correctness given to the PCR court's factual findings that trial counsel did not elicit testimony from Officer Hatzel that he found marijuana seeds in petitioner's home. 28 U.S.C. § 2254(e)(1). As such, that finding is entitled to deference. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340 (2003).

Second, a review of the trial transcript does not reveal that Officer Hatzel's response about finding marijuana seeds was obvious. Indeed, trial counsel's question to Officer Hatzel was phrased to render a simple yes or no response. Petitioner simply has failed to demonstrate that counsel's performance was not within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 690. Thus, in light of all the evidence presented, petitioner has failed to demonstrate that trial counsel rendered deficient performance.

14 - OPINION AND ORDER

Even if petitioner could establish deficient performance, he is wholly unable to establish prejudice. I reject petitioner's suggestion that the testimony from Officer Hatzel about finding marijuana seeds in his home over a month after the incident impacted the outcome of the trial.

The state presented strong evidence of petitioner's guilt. Multiple witnesses, including AR's sister, AR's friend, and AR's parents all testified that AR disclosed the incident to them on the date it occured. AR consistently reported the abuse to the investigating officers, and the officers testified about those disclosures. The jury heard the pretext call in which petitioner stated that he had learned his lesson "real fucking quick." Furthermore, petitioner's version of the events, particularly paying AR $20 to watch his front door for twenty minutes, simply was unbelievable.

In short, petitioner has not established that trial counsel rendered deficient performance or that he suffered prejudice. I cannot conclude that the PCR court's rejection of petitioner's ineffective assistance claim is objectively unreasonable. After a thorough review of the record, and considering the weight of the evidence against petitioner and the testimony presented at trial, I conclude that the PCR court's rejection of the petitioner's ineffective assistance of counsel claim was neither contrary to,

15 - OPINION AND ORDER

nor an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1).

## CONCLUSION

Based on the foregoing, petitioner's petition for habeas corpus relief (#2) is DENIED, and this proceeding is DISMISSED.

Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this **31** day of JANUARY, 2012.

*/s/ Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge